UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUETTA DUDLEY and
PERCY DUDLEY,

    Plaintiffs,

-vs-

Case No. 08-14017
HON. AVERN COHN

PRESTON THOMAS and
JUDITH GRACEY,

    Defendants.

_____/

**MEMORANDUM AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

**I. INTRODUCTION**

This is an employment discrimination case. Plaintiff Marquetta Dudley (Dudley) worked as a secretary in Michigan's 50th District Court in Pontiac. She says defendant Chief Judge Preston Thomas (Thomas) wrongfully terminated her on the basis of unlawful sex discrimination and along with defendant Court Administrator Judith Gracey (Gracey) violated her due process rights and defamed her. She sues both in their individual, personal capacities.[1]

Dudley's first amended complaint is in seven counts:

(I)    Violation of Due Process (Fourteenth Amendment) as to both defendants;

(II)    Violation of Elliott Larsen Civil Rights Act [ELCRA, MCL §§ 37.2101 et

---

[1] The Court dismissed the state district court and defendants in their official capacities for lack of jurisdiction (doc. 15).

1

seq.] for Sex Discrimination as to Thomas;

    (III)    Sex Discrimination[2] in Violation of 42 U.S.C. § 1981 as to Thomas (Disparate Treatment and Intentional Discrimination);

    (IV)    Wrongful Discharge—Breach of Implied Contract and Legitimate Expectations as to Thomas;

    (V)    Defamation as to both defendants;

    (VI)    Loss of Consortium by Dudley's husband Percy as to both defendants; and

    (VII)    Gross Negligence as to both defendants.

Before the Court is defendants' motion for partial dismissal of plaintiffs' first amended complaint under Fed. R. Civ. P. 12(b)(6). Defendants ask for dismissal of Gracey as a defendant in Counts I and VI because she had no authority to terminate Dudley; dismissal of the defamation claim because it was not pled with sufficient specificity; and dismissal of the gross negligence claim because it is fully premised on claims of intentional torts. They also raise three other issues that Dudley in response voluntarily dismisses: the Title VII claim and the City of Pontiac as a defendant, both mentioned in Count II, and a claim for racial discrimination Dudley mistakenly made in the caption of Count III. For these and the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

---

[2] Dudley mistakenly captioned this Count "Race Discrimination" but the allegations concern sex discrimination.

## II.  FACTS

The amended complaint alleges the following facts:

— Dudley became employed as a court secretary with the Michigan 50th District Court in 2001.  She was promoted to probation secretary in late 2005.

— As chief judge, Thomas had final supervisory authority over Dudley.

— Gracey also had supervisory authority over Dudley.

— Gracey accused Dudley of falsifying court documents.

— Gracey accused Dudley without an investigation and without just cause.

— Gracey "communicated to . . . Thomas that [Dudley] and Samantha Smith had violated Court policies and falsified Court documents."

— On September 19, 2007, Thomas and Gracey terminated Dudley and Smith in a meeting called for that purpose.

— Dudley was not given a reason for her termination.

— The allegations that Dudley falsified court documents or conspired with Smith to falsify court documents are untrue.

— Defendants "promulgated and carried out the official policies, orders and directives described . . . intentionally and deliberately, with wanton and reckless disregard for the civil and constitutional rights, privileges and sensibilities of [Dudley]."

— On October 8, 2007, Gracey communicated to the unemployment insurance agency[3] that Dudley had violated court policy, and on or about February 1, 2008, Gracey testified to the same at an unemployment insurance agency hearing.

---

[3] Presumably the Michigan Unemployment Insurance Agency.

— During September 2007, Gracey communicated to another employee that Dudley had been terminated for falsifying court documents.

— The accusations were false and malicious.

— Defendants knew the accusations were false or misleading and published them to third parties with knowledge of falsity or in reckless disregard for their truth or falsity.

— The statements were not privileged, they amount to gross negligence, and they constitute defamation per se.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## IV. ANALYSIS

### A. Defendant Gracey in Counts I and VI

"State officials, sued in their individual capacities, are 'persons' within the meaning of [42 U.S.C.] § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." Hafer v. Melo, 502 U.S. 21, 31 (1991).

Gracey asks the Court to dismiss her from Counts I, violation of due process, and VI, a derivative claim for loss of consortium. She argues that to establish liability under § 1983, Dudley must plead and prove that she was "personally involved" in the activity that forms the basis of the complaint. In support she cites, with no pincite or discussion, Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982). Hays dealt with negligent supervision of police officers who allegedly damaged property and struck demonstrators and passers-by with riot sticks during a protest of court-ordered busing for school desegregation. Id. at 870–71. The Sixth Circuit held that simple negligence is not enough to support a civil rights action under § 1983. Id. at 873–74.

Although failing to appreciate the relevance of Hays to Gracey's assertions on this issue, the Court accepts for the sake of argument Gracey's proposition that Dudley must plead and eventually prove that she was personally involved in Dudley's termination. Dudley does so plead: the complaint alleges Gracey's (1) initiation of the accusations against Dudley, (2) communication of the accusations to Thomas, and (3) participation in Dudley's termination in a meeting called for that purpose.

Gracey points out that Michigan Court Rule 8.110(C)(3) gives a chief judge control over all court personnel with authority to supervise performance and to make all personnel decisions to hire, discipline, and discharge (with the exception of another judge's secretary and law clerk). She says that Dudley admits Thomas had the sole authority to terminate her. However, Dudley alleges that Gracey also had supervisory authority over her and Gracey acknowledges this fact at the beginning of the motion. Moreover, Gracey cites no authority for the notion that only a supervisor with authority to terminate can be found liable under § 1983.

### B.  Defamation

Dudley must plead with specificity the elements of defamation: (1) a false and defamatory statement about plaintiff, (2) unprivileged communication to a third party, (3) negligence by the publisher, and (4) defamation per se or special harm caused by the publication.  Gonyea v. Motor Parts Fed. Credit Union, 192 Mich. App. 74, 76–77 (1991).

Defendants say Dudley's defamation claim does not rise to the requisite level of specificity because she "fail[s] to plead anything with respect to the publication of the defamatory word" and "only make[s] a general allegation."  This is incorrect.

Dudley pleads with sufficient specificity as to Gracey.  She alleges that Gracey communicated to Thomas and to another employee that Dudley falsified court documents, and to the unemployment insurance agency that she had violated court policies.  She alleges exact dates of publications to the agency and the month and year of publication to the employee.  She further alleges the accusations were false; "defendants" published them with knowledge or reckless disregard; and the statements were not privileged, amount to gross negligence, and constitute defamation per se.

On the other hand, Dudley alleges no facts on the claim of defamation as to Thomas.

### C.  Gross Negligence

In tort, employers generally owe two duties to employees: a safe workplace and safe and effective instruments with which to work.  See White v. Chrysler Corp., 421 Mich. 192, 199 (1985); Overstreet v. Norman, 314 S.W. 2d 47, 50 (Tenn. Ct. App. 1958); see also 27 Am. Jur. 2d Employment Relationship § 193.  The tort of negligent

supervision applies to the liability of an employer for a threat of physical injury by an employee to a third person. Bruchas v. Preventive Care, Inc., 553 N.W.2d 440, 443 (Minn. Ct. App. 1996) (rejecting claim for gross negligence by plaintiff who brought action against employer for wrongful termination).

This case was brought for employment discrimination. Dudley creatively alleges six "ministerial duties" defendants owed her "notwithstanding their standard duty of care." However, she cites no law in support of the existence of these alleged duties. She therefore fails to state a claim for gross negligence upon which relief can be granted.[4]

### V.  CONCLUSION

For the reasons above, the Title VII, racial discrimination, and gross negligence claims are dismissed; the City of Pontiac is dismissed as a defendant; and Thomas is dismissed as a defendant in the defamation claim.

The remaining claims continue in the case as follows:

- Violation of Due Process (Fourteenth Amendment) as to Thomas and Gracey;

- Sex Discrimination as to Thomas in violation of ELCRA, MCL §§ 37.2101 et seq., and 42 U.S.C. § 1981;

- Wrongful Discharge—Breach of Implied Contract and Legitimate Expectations as to Thomas;

- Defamation as to Gracey; and

- Loss of Consortium by Dudley's husband Percy as to Thomas and Gracey.

---

[4] Moreover, as a judge, Thomas is immune from tort liability when acting within the scope of his judicial authority. MCL 691.1407(5).

SO ORDERED.

           s/ Avern Cohn
           AVERN COHN
           UNITED STATES DISTRICT JUDGE

Dated: June 9, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 9, 2009, by electronic and/or ordinary mail.

           S/Julie Owens
           Case Manager, (313) 234-5160